## 18559.   THOMAS v. THE STATE.

BROYLES, C. J.   1.   Conceding (but not deciding) that the court erred in admitting the evidence set forth in the motion for a new trial, the error does not require another hearing of the case, since the only effect of the evidence was to show the fact of gaming in the house in question, and there was undisputed evidence that this fact had been admitted to the arresting officer by the defendant herself.

2.   Where an indictment covers not only the keeping of a gaming house, but knowingly permitting persons to come together and play for money at prohibited games in a house or room occupied by the accused, and where the evidence disclosed a single instance only of gaming, a conviction is authorized whether or not these facts constituted the place a gaming-house. *Bell* v. *State*, 92 *Ga.* 49 (18 .S. E. 186).

3.   The evidence as to whether the accused controlled the house in question was weak and unsatisfactory; but the finding of the jury against the defendant on that issue being supported by some slight evidence, and having been approved by the trial judge, this court is without authority to interfere.

*Judgment affirmed.   Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 13, 1927.   REHEARING DENIED JANUARY 10, 1928.

Keeping gaming-house; from Wilkes superior court—Judge Perryman.   September 9, 1927.

*Hugh E. Combs,* for plaintiff in error.   •

*M. L. Felts, solicitor-general,* contra.

Criminal Law, 16 C. J. p. 1106, n. 17; 17 C. J. p. 271, n. 41; p. 321, n. 47.

Gaming, 27 C. J. p. 1012, n. 85.